UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Page 1 of 2

| Case No. | CR 15-559-DMG | Date | March 15, 2021 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Kane Tien | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Levon Khalulyan | Not | | | N/A | | | |

**Proceedings: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION [52]**

On February 1, 2021, Defendant Levon Khalulyan filed a *pro se* motion for early termination of probation pursuant to 18 U.S.C. § 3564(c). [Doc. # 52.] On February 9, 2021, the Government filed its opposition. [Doc. # 55.] Pursuant to the amended briefing schedule set by the Court, any reply was due February 24, 2021. [Doc. # 54.] No reply has been filed to date. The Court has reviewed and considered the parties' arguments for and against the motion and now renders the following decision.

After considering certain of the factors set forth in 18 U.S.C. § 3553(a), the Court may "terminate a term of probation previously ordered and discharge the defendant at any time . . . after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).

Here, Defendant's Sentencing Guidelines range was calculated at 46 to 57 months of incarceration [Doc. # 32 (PSR) ¶ 87] and the Government and Probation Office recommended a 46-month custodial term. [Doc. # 38.] On April 6, 2017, this Court imposed a sentence of five years of probation in lieu of any custodial sentence, a twelve-month term of home detention, $53,637.50 in restitution, a $100 special assessment, 200 hours of community service, and additional conditions of probation. [Doc. # 51 (Amended Judgment).] The Government represents that Defendant has satisfied his restitution and community service obligations and has otherwise remained in compliance with the terms and conditions of his probation. [Doc. # 55 at 4-5[1].]

It is commendable that Defendant has complied with the terms of probation in the nearly four years since the sentence was imposed. Nonetheless, that is expected conduct and, having considered the relevant factors under section 3553(a), the Court finds that Defendant's compliance, conduct, and circumstances are not so exceptional as to warrant early termination. Among other things, the sentence imposed reflected the seriousness of the offense and afforded adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a); *see also United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017) (mere compliance with terms of probation, without more, does not warrant early termination). Many of the

---

[1] Page references herein are to page numbers inserted by the CM/ECF system.

| CR-11 | **CRIMINAL MINUTES - GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Page 2 of 2

aspects of Khalulyan's character and conduct that he argues are adequate bases for early termination of probation were actually factors that the Court considered in imposing a term of probation rather than a custodial sentence.  These self-same factors should not do double duty as the basis for altering the Court's sentence.[2]

Accordingly, Defendant's motion for early termination of probation is respectfully **DENIED**.

**IT IS SO ORDERED.**

---

[2] Defendant also contends that early termination of probation is warranted to avoid sentencing disparities because in *United States v. Gheyvandian*, CR No. 2:14-123 (C.D. Cal.), the late Honorable Manuel L. Real terminated that defendant's five-year term of probation early.  Although Judge Real did not provide a written explanation for his decision [*see Gheyvandian* Doc. # 42], the nature and circumstances of that case appear to have been different and, among other things, defendant's initial sentencing guidelines range appears to have been lower.  [*See Gheyvandian* Doc. # 29 (PSR).]  On the record provided, there is no indication that denying Defendant's instant motion would result in any sentencing disparities as cautioned against in 18 U.S.C. § 3553(a)(6).